UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GORDON REES SCULLY MANSUKHANI, LLP<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER E. RODRIGUEZ,<br><br>Defendant. | Case No.: 1:14-cv-05252-WHP<br><br>**VERIFIED AMENDED COMPLAINT** |

Plaintiff, GORDON REES SCULLY MANSUKHANI, LLP ("Gordon & Rees"), by and through its undersigned counsel, Peter G. Siachos, Esq., as and for its Amended Complaint against Defendant Alexander E. Rodriguez ("Mr. Rodriguez"), alleges as follows:

**INTRODUCTION**

1. By this action, Gordon & Rees seeks damages in the amount of $380,058.91, plus interest and attorneys' fees, from Mr. Rodriguez, a professional baseball player who is among the highest paid players in professional sports. Mr. Rodriguez refuses, without justification, to pay Gordon & Rees for hundreds of hours of work performed on his behalf by many Gordon & Rees attorneys.

2. In May 2013, Mr. Rodriguez assembled what he described to media outlets as a legal "dream team," which included Gordon & Rees (among other law firms, investigative experts, and public relations specialists), to challenge the serious doping allegations by Major League Baseball ("MLB") against him including, but not limited to, allegations that Mr. Rodriguez used multiple forms of steroids and other performance-enhancing substances over the course of many years.

3. Mr. Rodriguez retained Gordon & Rees and, specifically, Gordon & Rees Partner David Cornwell, Esq., because of Mr. Cornwell's vast expertise in representing professional athletes who have been accused of violating the drug and/or steroid policies of the various professional sports leagues, and because of Mr. Cornwell's prior success in overturning the suspension of another professional baseball player for similar alleged infractions – the first and only time a professional baseball player has successfully challenged a positive drug test.

4. On May 21, 2013, Mr. Rodriguez signed and dated a contract – the Gordon & Rees engagement agreement – which provided in detail the terms of the provision of Gordon & Rees' legal services including, but not limited to, the hourly rates of its attorneys; the amount of a pre-paid retainer and permitted use of same; the method of invoicing and due dates for payments of invoices; policies regarding costs and expenses; and terms for dispute resolution.

5. Notwithstanding that Mr. Rodriguez unequivocally promised to pay for Gordon & Rees' extensive legal work on his behalf, Mr. Rodriguez now refuses to pay a substantial portion of the legal fees incurred over the course of eight months in connection with Gordon & Rees' hard work and long hours on one of the most high-stakes sports litigations in history.

6. Gordon & Rees timely provided invoices for services rendered to Mr. Rodriguez. Mr. Rodriguez agreed in the engagement agreement that the invoices would be paid.

7. Additionally, Mr. Rodriguez's primary counsel, Mr. Rodriguez's primary representative, Jose Gomez, and Mr. Rodriguez himself also made verbal and written promises of payment.

8. Most recently, Mr. Rodriguez admitted that his advisers at Roc Nation, more specifically, Desiree Perez, instructed him "not to pay the invoices, and to make Gordon & Rees sue" him.

9. Gordon & Rees made a demand upon Mr. Rodriguez for fee arbitration on February 28, 2014. Mr. Rodriguez did not respond to the demand for fee arbitration, necessitating the filing of this lawsuit to collect from Mr. Rodriguez the monies owed or, alternatively, to compel him to participate in fee arbitration.

## PARTIES

10. Gordon & Rees is a California Limited Liability Partnership with a principal place of business in San Francisco, California. Gordon & Rees has an office in New York City, and is duly authorized to operate in New York State.

11. Mr. Rodriguez is, upon information and belief, a citizen of the state of Florida.

## JURISDCITION

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

13. For the purposes of 28 U.S.C. § 1332(a), Gordon & Rees is a citizen of the State of New York and is not a citizen of the state of Florida. Gordon & Rees is organized under the laws of the state of California, has its principal place of business in the state of California, has a registered office in the state of New York, and is duly authorized to do business in New York. Gordon & Rees is not a citizen of the state of Florida for purposes of diversity jurisdiction.

14. For the purposes of 28 U.S.C. § 1332(a), Mr. Rodriguez is a citizen of the state of Florida. Mr. Rodriguez resides in Florida, is registered to vote in Florida, has a Florida driver's license, has a residence in Florida, owns property in Florida, pays taxes in Florida, has cars and boats registered in Florida, has a Florida telephone number, and has his principal business in Florida – all of which shows that he intends for the state of Florida to remain his domicile.

15. The within causes of action arose in New York County, New York, wherein Gordon & Rees performed legal work for Mr. Rodriguez, as described in greater detail herein.

16.     Gordon & Rees seeks monetary damages for Mr. Rodriguez's breach of a contract for legal services in an amount that exceeds $75,000.00.

## FACTUAL BACKGROUND

17.     On or about August 4, 2013, Mr. Rodriguez was issued an unprecedented 211-game suspension for violations of MLB's Joint Drug Prevention and Treatment Program ("JDA").

18.     Mr. Rodriguez retained Gordon & Rees in May 2013.

19.     The parties memorialized the agreement for Gordon & Rees' provision of legal services by way of an engagement agreement executed on or about May 20, 2013 (the "Engagement Agreement").

20.     Mr. Rodriguez and Gordon & Rees Partner, David Cornwell, Esq., signed the Engagement Agreement.

**The Engagement Agreement**

21.     Pursuant to the Engagement Agreement, Gordon & Rees agreed to represent Mr. Rodriguez in connection with MLB's investigation into matters relating to Tony Bosch and to Mr. Rodriguez's alleged violations of the JDA at an hourly rate of at least $400.00 for partners handling the matter, and between $225.00 and $375.00 for associates working on the matter – a fraction of the rates charged by other attorneys Mr. Rodriguez retained in connection with his suspension.

22.     The Engagement Agreement included a provision that made it clear that Gordon & Rees' representation of Mr. Rodriguez would occur on an hourly, as opposed to flat fee, basis.

23.     Pursuant to the Statement of Client Policies accompanying the Engagement Agreement, Mr. Rodriguez agreed to pay for the legal services described in the Engagement

Agreement, as well as the expenses and costs incurred in connection with those services, on a monthly basis.

24. The Statement of Client Policies further provides that Mr. Rodriguez was obligated to pay for all legal services rendered and expenses or costs incurred through the date of the termination of Gordon & Rees' representation of him.

**Gordon & Rees' Performance of the Engagement Agreement**

25. Gordon & Rees spent considerable time and effort representing Mr. Rodriguez in his administrative appeal of his 211-game JDA suspension.

26. Gordon & Rees provided legal services to Mr. Rodriguez from approximately May 2013 through approximately December 2013 that included thousands of hours of work by partners, associates, and other staff, which work is set forth in painstaking detail in 128 pages of invoices that have been provided to Mr. Rodriguez and his representatives.

27. Mr. Rodriguez was fully aware of the services that were performed by Gordon & Rees on his behalf, and actively participated in his own defense.

28. Gordon & Rees performed the legal services described herein pursuant to the terms of the Engagement Agreement.

**Mr. Rodriguez's Breach of the Engagement Agreement**

29. The fee dispute between Gordon & Rees and Mr. Rodriguez first arose in December 2013, when Mr. Rodriguez failed to satisfy his outstanding obligations to Gordon & Rees for legal services rendered between approximately May 2013 through December 2013, even though he provided numerous oral and written promises of payment over the course of Gordon & Rees' good faith representation of his interests.

30. One such written promise was made by Mr. Rodriguez's primary counsel on

December 4, 2013.

31. Mr. Rodriguez's primary counsel also promised on February 12, 2014 that Mr. Rodriguez intended to make payments on invoices for legal fees incurred in 2013 in connection with his challenge to the 211-game suspension.

32. Similar promises were made by Mr. Jose Gomez, Mr. Rodriguez's primary representative and the Senior Vice President of Mr. Rodriguez's company, Newport Property Ventures, Ltd.

33. Notwithstanding these promises, the substantial legal work performed by Gordon & Rees on Mr. Rodriguez's behalf, and Mr. Rodriguez's contractual obligations under the Engagement Agreement, Mr. Rodriguez refuses pay his substantial outstanding balance to Gordon & Rees.

**Gordon & Rees Initiates Fee Arbitration**

34. The Engagement Agreement's Statement of Client Obligations provides that, if a dispute arises between Gordon & Rees and Mr. Rodriguez regarding attorneys' fees or costs under the Engagement Agreement, the arbitration rules set forth under Rule 6-101 et seq. of the Rules of the State Bar of Georgia shall be followed.

35. Subsequent to Mr. Rodriguez's refusal to pay, Gordon & Rees filed a petition for fee arbitration with the State Bar of Georgia ("Petition for Fee Arbitration") on February 28, 2014, demanding payment for the legal services rendered pursuant to the Engagement Agreement.

36. Mr. Rodriguez did not respond to the Petition for Fee Arbitration.

**COUNT I**
**(Breach of Contract)**

37. Gordon & Rees repeats and realleges each and every allegation contained in the

foregoing Paragraphs as though fully set forth herein.

38.     The Engagement Agreement constitutes a valid and enforceable contract, pursuant to which Gordon & Rees offered to provide legal services upon specified terms, and Mr. Rodriguez accepted same by way of his signature on the Engagement Agreement.

39.     Mr. Rodriguez retained Gordon & Rees to perform the legal services described in the Engagement Agreement, and Gordon & Rees did perform such services satisfactorily for and on behalf of Mr. Rodriguez from May 2013 through December 2013.

40.     Mr. Rodriguez has paid for a portion of the work performed by Gordon & Rees from May 2013 to December 2013 incident to the Engagement Agreement, leaving a balance in the amount of $380,058.91 justly due to Gordon & Rees.

41.     Demand has been made by Gordon & Rees to Mr. Rodriguez for the payment of the sum of $380,058.91, and payment has not been made.

42.     Gordon & Rees has been injured in the amount of $380,058.91 as a result of Mr. Rodriguez's failure to make payment for the legal services rendered pursuant to the terms of the Engagement Agreement.

**WHEREFORE**, Gordon & Rees demands judgment against Mr. Rodriguez for compensatory damages in an amount to be proven at trial, but no less than $380,058.91, plus pre-judgment interest, post-judgment interest, an award of costs and disbursements associated with this action, including reasonable attorneys' fees, and any other relief the Court deems to be appropriate and just.

## COUNT II
### (Quantum Meruit)

43.     Gordon & Rees repeats and realleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

44. Gordon & Rees performed legal services in a professional manner, in good faith, and with the expectation that it would be compensated by Mr. Rodriguez for the reasonable value of those legal services.

45. Mr. Rodriguez accepted Gordon & Rees' legal services, received a benefit from those services, and impliedly and expressly promised to pay for the services Gordon & Rees provided.

46. Mr. Rodriguez himself, and via his agents and representatives, advised Gordon & Rees that it would be fully compensated for its legal services pursuant to the Engagement Agreement.

47. The parties agreed that the reasonable compensation for Gordon & Rees' legal services included at least a $400.00 hourly fee for partners and hourly rates for associates between $225.00 and $375.00.

48. The reasonable value for the legal services provided by Gordon & Rees that remain unpaid by Mr. Rodriguez amounts to at least $380,058.91.

49. It would be unjust, unfair, and inequitable for Mr. Rodriguez to retain the benefit he gained from withholding payment for Gordon & Rees' services.

50. As a result of Mr. Rodriguez's failure to compensate Gordon & Rees for the reasonable value of its services, Gordon & Rees has suffered damages in an amount not less than $380,058.91, plus interest and attorney's fees.

**WHEREFORE**, Gordon & Rees demands judgment against Mr. Rodriguez for compensatory damages in an amount to be proven at trial, but no less than $380,058.91, plus pre-judgment interest, post-judgment interest, an award of costs and disbursements associated with this action, including reasonable attorneys' fees, and any other relief the Court deems to be

appropriate and just.

## COUNT III
### (Unjust Enrichment)

51. Gordon & Rees repeats and realleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

52. Gordon & Rees provided legal services to Mr. Rodriguez and reasonably expected payment for same.

53. Mr. Rodriguez had notice and knowledge that Gordon & Rees expected to be paid for the legal services it indisputably provided.

54. Mr. Rodriguez received a substantial and definite benefit from Gordon & Rees' legal services and must provide reasonable compensation to Gordon & Rees as agreed.

55. Mr. Rodriguez did not provide reasonable compensation to Gordon & Rees for the services provided.

56. Mr. Rodriguez's enrichment was at the expense and to the detriment of Gordon & Rees.

57. The retention of the benefit by Mr. Rodriguez, and his refusal to pay Gordon & Rees, is unjust.

58. The circumstances are such that in equity and good conscience, Mr. Rodriguez should remit to Gordon & Rees the value of the legal services rendered.

**WHEREFORE**, Gordon & Rees demands judgment against Mr. Rodriguez for compensatory damages in an amount to be proven at trial, but no less than $380,058.91, plus pre-judgment interest, post-judgment interest, an award of costs and disbursements associated with this action, including reasonable attorneys' fees, and any other relief the Court deems to be appropriate and just.

## COUNT IV
### (Promissory Estoppel)

59. Gordon & Rees repeats and realleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

60. Mr. Rodriguez made an unambiguous promise to pay for Gordon & Rees' legal services.

61. Likewise, representatives acting on Mr. Rodriguez's behalf made unambiguous promises to pay for Gordon & Rees' legal services.

62. Gordon & Rees reasonably and foreseeably relied on Mr. Rodriguez's promise to pay for legal services rendered, and provided legal services based upon Mr. Rodriguez's express promise to comply with all of the obligations of the Engagement Agreement.

63. Mr. Rodriguez failed to and/or refuses to pay for legal services rendered.

64. Gordon & Rees was injured as a result of its reliance on Mr. Rodriguez's and his representatives' promises.

**WHEREFORE**, Gordon & Rees demands judgment against Mr. Rodriguez for compensatory damages in an amount to be proven at trial, but no less than $380,058.91, plus pre-judgment interest, post-judgment interest, an award of costs and disbursements associated with this action, including reasonable attorneys' fees, and any other relief the Court deems to be appropriate and just.

## COUNT V
### (Account Stated)

65. Gordon & Rees repeats and realleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

66. Gordon & Rees stated to Mr. Rodriguez an account totaling the amount due to

Plaintiff for legal services rendered, in the amount of $380,058.91.

67.    Mr. Rodriguez is indebted to Gordon & Rees in the sum of $380,058.91 pursuant to the Engagement Agreement and invoices presented.

68.    Mr. Rodriguez promised to pay said amount upon demand.

69.    Gordon & Rees demanded payment of the amount due.

70.    Mr. Rodriguez has failed and/or refused to make payment.

71.    At no time during the period in which Gordon & Rees represented Mr. Rodriguez did Mr. Rodriguez object to the accuracy of the stated account.

**WHEREFORE**, Gordon & Rees demands judgment against Mr. Rodriguez for compensatory damages in an amount to be proven at trial, but no less than $380,058.91, plus pre-judgment interest, post-judgment interest, an award of costs and disbursements associated with this action, including reasonable attorneys' fees, and any other relief the Court deems to be appropriate and just.

### COUNT VI
**(Specific Performance)**

72.    Gordon & Rees repeats and realleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

73.    Mr. Rodriguez is contractually obligated by the terms of the Engagement Agreement and the Statement of Client Policy to participate in fee arbitration pursuant Rule 6-101 *et seq.* of the Rules of the State Bar of Georgia.

74.    Mr. Rodriguez agreed in the Engagement Agreement and Statement of Client Policy that he would follow Rule 6-101 *et seq.* and that Gordon & Rees and Mr. Rodriguez "will be bound by the result."

75.    Gordon & Rees demanded that Mr. Rodriguez arbitrate his failure and/or refusal

to pay Gordon & Rees' invoices by way the Petition for Fee Arbitration filed with the Georgia Bar on February 28, 2014.

76. Mr. Rodriguez did not respond to Gordon & Rees' demand for fee arbitration.

77. As such, Gordon & Rees respectfully requests an Order requiring Mr. Rodriguez to perform under the Engagement Agreement, and specifically requests that Mr. Rodriguez be compelled to participate in and be bound by the result in fee arbitration pursuant to Rule 6-101 *et seq.* of the Rules of the State Bar of Georgia.

**WHEREFORE**, Gordon & Rees demands judgment against Mr. Rodriguez as follows:

A. For an Order compelling Mr. Rodriguez to participate in fee arbitration pursuant to Rule 6-101 *et seq.* of the Rules of the State Bar of Georgia;

B. For an award of $380,058.91, together with pre-judgment and post-judgment interest for the past due legal fee balance pursuant to the Engagement Agreement of each separate invoice that has gone unpaid;

C. For Gordon & Rees' costs and disbursements incurred in connection with this action;

D. For an award of reasonable attorneys' fees; and

E. For such other relief this Court deems just and proper.

GORDON REES SCULLY MANSUKHANI, LLP

By:   */s/Peter G. Siachos*
        Peter G. Siachos (PS-1107)

90 Broad Street, 23rd Floor
New York, New York  10004
Tel: (212) 269-5500
Fax: (212) 269-5505
e-mail: psiachos@gordonrees.com

Dated: October 9, 2014
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GORDON REES SCULLY MANSUKHANI, LLP<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER E. RODRIGUEZ,<br><br>Defendant. | Case No.: 1:14-cv-05252-WHP<br><br>**<u>VERIFICATION</u>** |

  Wm. David Cornwell, Esq. declares the following under penalty of perjury pursuant to 28 USC § 1746:

  I am a partner at Gordon Rees Scully Mansukhani, LLP. I have read the foregoing Verified Amended Complaint and know the contents thereof and state that the allegations are true. I base this verification on my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The grounds of my knowledge, information and belief are derived from my serving as Mr. Rodriguez's counsel, my personal involvement in the events underlying this litigation, and general investigation of the facts and circumstances described in the Verified Amended Complaint, including, without limitation, my review of Gordon & Rees' billing records.

                            Wm. David Cornwell